```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF MICHIGAN
                  SOUTHERN DIVISION
```

JAN VAN ECK,

      Plaintiff,           CIVIL ACTION NO. 08-13436

  vs.                    DISTRICT JUDGE BERNARD A. FRIEDMAN

                          MAGISTRATE JUDGE DONALD A. SCHEER

BAL GLOBAL FINANCE, LLC.,
BANK OF AMERICA,
FINANCIAL PACIFIC LEASING, and
MARSHALL H. JAFFE,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendants' respective Motions to Dismiss should be GRANTED, as to Federal Question jurisdiction, and DENIED, as to Diversity jurisdiction, but this action be transferred to the United States District Court for the Eastern District of Kentucky (Case Number 2008A11262-6) under 28 U.S.C. § 1404(a).

                      \*   \*   \*

## PROCEDURAL HISTORY

      This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding *pro se*, filed a hopelessly confused and excessively verbose 39 page Complaint on August 8, 2008, seeking monetary damages for alleged violations of the Fair Debt Collections Practices Act (FDCPA). He also sought damages arising from the alleged breach of state tort and contract laws.

**FACTUAL HISTORY**

On or about April 20, 2006, Weinberg and Company, doing business as Carroll's Machine Shop ("Weinberg & Co."), as Purchaser, and Mazak Corporation ("Mazak") as Seller, entered into a master security agreement ("Master Security Agreement"), whereby Weinberg & Co. agreed to purchase from Mazak, and Mazak agreed to sell to Weinberg & Co., one (1) Mazak QTN-200 lathe ("the Equipment"). The Agreement provides that it is to be "governed, interpreted and construed by, and all disputes shall be resolved under "the laws of the Commonwealth of Kentucky." (See copy of the Master Security Agreement, attached as Exhibit 1 to BAL Global Finance, LLC's Motion to Dismiss).

On or about June 13, 2006, Mazak, as assignor, and Defendant BAL Global Finance, LLC.,("BAL"), as assignee, entered into a WOR Assignment ("the Assignment") whereby Mazak assigned all of it right, title and interest in the Master Security Agreement to BAL. The agreement provides that it is to be governed and construed under Illinois law. (See copy of the Assignment, attached as Exhibit 2 to BAL's Motion to Dismiss).

On or about February 7, 2008, an assumption agreement was entered into between Weinberg & Co. and Winkelmann Nachlass Treuhandvermogen ("WNT") wherein WNT assumed the obligations of Weinberg & Co. under the Master Security Agreement ("the Assumption Agreement"). The assumption agreement states that it is to be governed by and construed under Georgia law. (See copy

of Assumption Agreement, attached as Exhibit 3 to BAL's Motion to Dismiss).  Zwaarte Poes Transpoor, Inc. ("ZPT") guaranteed WNT's obligations under the Master Security Agreement (the "Corporate Guaranty"). (See copy of Corporate Guaranty, attached as Exhibit 4 to BAL's Motion to Dismiss).  Plaintiff Jan Van Eck ("Van Eck" or "Plaintiff") personally guaranteed WNT's obligations under the Master Security Agreement (the Personal Guaranty"). (See copy of the Personal Guaranty, attached as Exhibit 5 to BAL's Motion to Dismiss).  Both guarantees provide that they are to be governed "by the laws of the State of Georgia."

On or about July 30, 2008, BAL filed suit against WNT, ZPT and Van Eck in the State Court of Cobb County, Georgia alleging their failure to make payments required and seeking to recover the amounts due under the Assumption Agreement, Corporate Guaranty and the Personal Guaranty.

On or about August 8, 2008, Plaintiff Van Eck filed the instant action (based on claims arising from the same series of transactions being litigated in the Georgia lawsuit) alleging various violations involving the Fair Debt Collection Practices Act and other state law tort and contract claims.

On or about September 23, 2008, the Georgia state court case was removed by Van Eck to the United States District Court for the Eastern District of Kentucky (Covington), where the case is currently pending as Case No. 2008A11262-6.

Plaintiff alleges violations of the FDCPA.  He also alleges various state court claims such as fraud, civil

conspiracy, conversion, unjust enrichment and violations of the Connecticut Fair Trade Practices Act against the Defendants. Bank of America is sued because it is the indirect parent company of BAL Global Finance. Plaintiff sues Defendant Marshall Jaffe, the attorney who represented BAL Global Finance, LLC., for breach of alleged fiduciary duties and intentional misrepresentation. Plaintiff seeks injunctive relief and monetary damages.

BAL Global Finance, LLC., and Bank of America filed a Motion to Dismiss on October 15, 2008 (Docket #10). Defendant Financial Pacific Leasing (Financial Pacific) filed a separate Motion to Dismiss on February 5, 2009 (Docket #18). Financial Pacific maintains that it has had no business dealings whatsoever with Plaintiff, and that it has been named a Defendant in this action solely by reason of its inadvertent and erroneous identification in a letter sent to Plaintiff on behalf of Bank of America. Defendants BAL Global Finance, LLC., and Bank of America Corporation assert that they took possession of the equipment that is the subject of this action from a third party storage facility in accordance with, and pursuant to, a court order. A copy of the court order has been provided to the court.

Defendant Marshall Jaffe filed a Motion to Dismiss on September 26, 2008, maintaining that he did not have a fiduciary relationship with Plaintiff. He also claims that Plaintiff failed to state a claim upon which relief could be granted (Docket #9). Plaintiff filed separate responses to the three dismissal motions (Docket #14, #15, #27), essentially reiterating

the allegations found in his Complaint.

**APPLICABLE LAW AND STANDARD OF REVIEW**

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it.  Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party.  The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction.  "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at trial."  Wright and Miller, <u>Federal Practice and Procedure</u>: Civil 3rd Section 1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  A complaint need not contain detailed factual allegations.  Nonetheless, a plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed.R.Civ.P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Rather, the factual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that the allegations are true.  <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct 1955, 1964 (2007).  The pleading must contain something more than a statement of facts which creates a mere suspicion of a legally cognizable right of action.  The court should proceed on the assumption that all the allegations of the complaint are true.  A well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely," and Rule 12(b)(6) does not countenance dismissal based on a judge's disbelief of the plaintiff's factual allegations.  <u>Id</u>.  The Court is not obliged, however, to accept a plaintiff's unsupported legal conclusions.

  28 U.S.C. § 1404(a) authorizes a district court to transfer any civil action to any other district in which it may have been brought, in the interests of justice, or for the convenience of the parties and witnesses.

<u>DISCUSSION AND ANALYSIS</u>

  Federal question jurisdiction is not established here because Plaintiff has failed to plead <u>facts</u> (as opposed to legal conclusions) sufficient to demonstrate the existence of a "debt" subject to the terms of the FDCPA.  Defendants argue cogently that the series of transactions giving rise to this action began with the purchase of a commercial grade lathe by one business entity from another.  The interests of each original party were transferred to other business entities.  Plaintiff here is an individual, and his role in the series of transactions in issue

6

was that of a personal guarantor for the debt of a business in which he held an interest.  The FDCPA applies to "any obligation... to pay money arising out of a transaction in which the money, property... or services which are the subject of the transaction are primarily personal, family or household purposes... "  In an effort to forestall dismissal, Plaintiff argues that a commercial lathe <u>could</u> be intended for household purposes, but he does not assert that the machine in question here <u>was</u> so intended.  Plaintiff must state a case for federal question jurisdiction.  Fed.R.Civ.P. 8(a)(1).  The court is not obliged to speculate as to what is possible.  Van Eck has failed to plead facts establishing grounds for federal question jurisdiction.

Diversity of citizenship jurisdiction probably exists, since Plaintiff has alleged that he is a citizen of the Netherlands, and all the defendants are citizens of the United States.  Plaintiff has also alleged an amount in controversy sufficient to invoke the court's jurisdiction.  Nonetheless, I am satisfied that this court should not assert jurisdiction in this case.

In pertinent part, section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Plaintiff's claims against all the defendants in this action clearly arise from the same series of transactions which are the

subject of a pending action in the Eastern District of Kentucky. That case was commenced in a Georgia state court prior to the filing of this action, and later removed by Van Eck to the U.S. District Court for the Eastern District of Kentucky. Plaintiff's claims against BAL and Bank of America are compulsory counterclaims in the Kentucky action. See Fed.R.Civ.P. 13 (a).

     Plaintiff offers no justification for filing this separate action, rather than asserting his compulsory counterclaims in the Kentucky case. When a party violates the compulsory counterclaim rule by bringing a second action rather than filing a compulsory counterclaim in the first action, the first suit should normally have priority, absent a showing that the balance of convenience to the parties favors the second action. Plaintiff has not shown that the balance of considerations of convenience favors litigation of his claims in this Court. Laughlin v. Edwards Business Machines, Inc., 155 F.R.D. 5436(W.D. Va. 1994). In fact, he has made no showing that the matter in controversy should be litigated here.

     Plaintiff's claims against Defendants Financial Pacific and Jaffe are also plainly based upon the exact series of business transactions which are the subject of the pending action in the United States District for the Eastern District of Kentucky. The complaint here alleges conspiracy and fraud in connection with those transactions. Plaintiff has not shown that Defendants Financial Pacific and Jaffe are beyond the jurisdiction of the Kentucky court. In fact, the jurisdictional

power of both U.S. District Courts is identical. Therefore, as Van Eck alleges that Financial Pacific and Jaffe are co-conspirators and/or agents of Defendants Bank of America and BAL, they may be included in Plaintiff's compulsory counterclaims (or in third party claims) in the Kentucky case, and the filing of this second action is improper.

Fed.R.Civ.P. 1 provides that the Rules of Procedure should be construed and administered "to secure the just, speedy and inexpensive determination of every action... "  Fed.R.Civ.P. 13(a) requires a party to assert as a counterclaim any claims against an opposing party which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims... "  It is clear that this is the second lawsuit arising from the same series of financial transactions.  All Plaintiff's claims in this action against Bank of America and BAL should have been pled as counterclaims in the action now pending in Kentucky.  As Plaintiff alleges that Defendants Financial Pacific and Jaffe acted as co-conspirators/agents with Bank of America and/or BAL, his claims against them are properly asserted in the Kentucky case.

The Complaint and motion papers in this action present no circumstances tending to establish that the convenience of the parties would be better served by litigation in Michigan. Plaintiff selected the venue for the Kentucky lawsuit, and there is no evidence that the Kentucky court lacks jurisdiction over any party to this action.  28 U.S.C. § 1404 authorizes the

transfer of a civil action to another district for the convenience of the parties.  The convenience of all parties and witnesses, and the interest of justice would be best served by litigation of all related claims and defenses in a single action.

I am persuaded that the filing of the duplicate Complaint in this action was for the purpose of harassment, and intended to cause delay and increase expense to the Defendants. None of the claims in dispute is founded on Michigan law.  The contracts in issue provide that they are to be governed by Georgia or Kentucky law.  Therefore, I recommend that this action be transferred to the United States District for the Eastern District in Kentucky (Case Number 2008A11262-6) under 28 U.S.C. § 1404(a).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten

**(10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.**


                                        s/Donald A. Scheer
                                        **DONALD A. SCHEER**
                                        **UNITED STATES MAGISTRATE JUDGE**

**DATED: August 31, 2009**

---

### CERTIFICATE OF SERVICE

I hereby certify on August 31, 2009, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this notice was mailed to the following non-registered ECF participants on August 31, 2009**:**

**Jan Van Eck**
**P.O. Box 16**
**Ivoryton, CT  06442-0016**

**Marshall H. Jaffe**
**3823 Roswell Road**
**Suite 207**
**Marietta, GA  30062**

                            s/Terri Hackman
                            Secretary