UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN VAN ECK,

    Plaintiff,

vs.

BAL GLOBAL FINANCE, LLC,
BANK OF AMERICA CORP.,
FINANCIAL PACIFIC LEASING, LLC, and
MARSHALL H. JAFFE,

    Defendants.
_____/

Civil Action No.
08-CV-13436

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

        This matter is presently before the court on three defense motions to dismiss [docket entries 9, 10, 18]. Magistrate Judge Donald A. Scheer has submitted a Report and Recommendation ("R&R") in which he recommends that (1) the motions be granted insofar as they challenge the court's subject matter jurisdiction based on a federal question, (2) the motions be denied insofar as they challenge the court's subject matter jurisdiction based on diversity of citizenship, and (3) the matter be transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a). All parties, except defendant Jaffe, have filed objections to the R&R. Under the circumstances, the court reviews the R&R de novo. *See* Fed. R. Civ. P. 72(b)(3).

        The complaint in this matter alleges that the court has jurisdiction under both 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). The federal question at issue is the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff asserts FDCPA claims against defendant Financial Pacific Leasing, LLC (Count 1) and defendants Bank of America and

Jaffe (Count 3). As the magistrate judge correctly points out, however, the FDCPA regulates abusive collection tactics in relation to *consumer*, not commercial, debts. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation . . . of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes . . . ."); *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2nd Cir. 2006) ("actions arising out of commercial debts are not covered by the protective provisions of the FDCPA"); *Schram v. Federated Fin. Corp. of Am.*, 2007 WL 1238863, at *1 (E.D. Mich. Apr. 27, 2007) ("Based upon this language, courts have found that attempts to collect business debt are not covered by the Act, even where the collection efforts were directed at an individual"). The debt at issue in the present case arises from plaintiff's purchase of a $91,850 lathe for the purpose of manufacturing "certain aircraft parts and like components." Compl. ¶ 11. Clearly, a piece of industrial equipment such as this was not purchased and could not be used for "primarily . . . personal, family, or household purposes," but only for commercial purposes. As the FDCPA does not apply to the facts of this case, the complaint fails to invoke subject matter jurisdiction under § 1331. The court therefore accepts the R&R insofar as it recommends that the court reject plaintiff's attempt to base subject matter jurisdiction on the existence of a federal question.

The parties do not object to the magistrate judge's conclusion that diversity jurisdiction is present. However, the court notes that defendants BAL Global Finance, LLC ("BAL") and Bank of America challenge this jurisdictional basis in their motion to dismiss [docket entry 10]. Plaintiff responded to this argument and defendants replied. The magistrate judge did not address this challenge to the court's jurisdiction, indicating only that "[d]iversity of citizenship

jurisdiction probably exists" based on plaintiff's allegations alone. R&R at 7.[1] The court disagrees with this conclusion because allegations in the complaint – even if sufficient for pleading purposes under Fed. R. Civ. P. 8(a)(1) – are insufficient, by themselves, to carry plaintiff's burden of proving the existence of subject matter jurisdiction once challenged under Fed. R. Civ. P. 12(b)(1).

The legal standards governing a motion to dismiss for lack of subject matter jurisdiction have been summarized as follows:

> Under . . . Fed.R.Civ.P. 12(b)(1), a party may mount either a facial or a factual attack on the subject matter jurisdiction of the Court. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). A facial attack "merely questions the sufficiency of the pleading," and, in resolving such a jurisdictional challenge, the Court "takes the allegations in the complaint as true." 922 F.2d at 325. Alternatively, if the Court is confronted with a factual controversy as to the jurisdictional basis for the case, it must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." 922 F.2d at 325. In this latter situation, the Court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." 922 F.2d at 325. Regardless of the nature of the attack, "[w]here subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

*Leach v. Manning*, 105 F. Supp.2d 707, 710-11 (E.D. Mich. 2000). *See also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("If [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof").

---

[1] Plaintiff alleges that he is a citizen of the Netherlands, that all of the defendants are citizens of Delaware, Michigan, Washington, New York, and Georgia, and that more than $75,000 is in controversy. *See* Compl. ¶ 3. On their face, these allegations satisfy the requirement of Fed. R. Civ. P. 8(a)(1) that the complaint provide a "short and plain" jurisdictional statement basing the court's subject matter jurisdiction on § 1332.

Further, "[w]hen jurisdiction is challenged, citizenship must be proven by a preponderance of the evidence." 13E C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3611, p. 506 (2009).

In the present case, defendants' challenge to plaintiff's assertion of diversity jurisdiction is factual, not facial. Defendants argue that, notwithstanding plaintiff's allegations, both plaintiff and defendant BAL are, in fact, citizens of the State of Connecticut and that therefore diversity is not complete.

Regarding plaintiff's citizenship, defendants argue:

> Despite Plaintiff's protestations, he is a citizen of the State of Connecticut for diversity jurisdiction purposes. An alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled. 28 U.S.C. § 1332. Defendants contend that as Plaintiff has been issued a United States Social Security number, which he used to file bankruptcy in the United States Bankruptcy Court for the District of Connecticut, to wit: Case No. 08-32911, and which he uses in his employment in the United States, Plaintiff is at least a legal permanent resident of the United States, if not an actual citizen, and, as he is domiciled in Connecticut, he is a citizen of Connecticut for diversity jurisdiction purposes.

Defs.' Reply Br. at 3. Plaintiff's position on this point is that he is "an alien to Connecticut" and that under the laws of that state he may not hold public office, join a state militia, serve on a jury or operate a tugboat. Pl.'s Mem. of Law [docket entry 15] at 5-6. Plaintiff urges the court to accept his allegations regarding the parties' citizenship at face value. He has submitted no evidence, by affidavit of otherwise, regarding his citizenship.

Under § 1332(a), "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Under the case law cited above, it is not defendants' burden to prove that jurisdiction is lacking, but plaintiff's burden to

4

prove affirmatively that it exists. Defendants indicate that plaintiff has filed a bankruptcy petition. In that case (commenced September 5, 2008), the records of which are publicly available, plaintiff indicates among other things that he has had a domicile or residence in the District of Connecticut for at least 180 days; that he has assets and liabilities valued at between one and ten million dollars; that he has a "legal interest" in a $200,000 single-family home in Ivorytown, Connecticut; that he owns four automobiles and various industrial equipment; and that he has legal claims (for conversion, "wrongful acts," "deceit," "tort claims," "unfair debt collection," "fraudulent claims," "abuse and deceit," "trespass and damages," etc.) against 20 different individuals and corporations (including defendants BAL, Jaffe and Bank of America), most of whom/which are located in Connecticut, but also in New York, California, Georgia, Illinois, Washington, Delaware, Arkansas, and Minnesota. One certainly wonders how it would be possible for an alien who was not admitted to the United States for permanent residence to have amassed this number and amount of assets, liabilities and legal claims in this country.

The court also notes that plaintiff has been an active litigant in American courts over the years. Publicly available records indicate that he has filed lawsuits, or has been sued, in the United States District Court for the District of Connecticut, and in Connecticut state courts, in 1994, 2000, 2002, 2003 and 2008.[2] He also has sued and been sued in two cases in Georgia. *See Van Eck v. Cyganik*, No. 2:07-CV-00129 (N. D. Ga.); *BAL Global Fin., LLC v. Van Eck*, No. 1:09-CV-00496

---

[2] *See State of Connecticut v. Van Eck*, No. 3:02-CV-00074 (D. Conn.); *United States v. Van Eck*, No. 3:00-MC-00024 (D. Conn.); *Van Eck v. Network Plus, Inc.*, No. 3:02-CV-00474 (D. Conn.); *Van Eck v. IRS Revenue Officer Renee D. Meskill*, No. 3:94-CV-00614 (D. Conn.); *Town of Branford v. Van Eck*, No. 3:08-CV-00929 (D. Conn.); *Van Eck v. Gallucci*, No. 3:03-CV-01233 (D. Conn.); *Van Eck v. Yale New Haven Hosp.*, No. 3:03-CV-01245 (D. Conn.). The docket sheets in all of these cases list addresses for plaintiff in East Haven or Ivorytown, Connecticut.

(N. D. Ga.). Again, one wonders how it would be possible for plaintiff not to have been admitted into the United States for permanent residence, and not live permanently in Connecticut, and yet still be available to deal with this great amount of litigation, especially in light of the fact, apparent from the court records, that he always represents himself.

Under these circumstances, plaintiff has manifestly failed to carry his burden of proving that he is an "alien to Connecticut." Based on the publicly available information cited above, and plaintiff's abject failure to come forward with any evidence on this issue, the court finds that plaintiff is a citizen of the State of Connecticut for purposes of § 1332(a).

Plaintiff has also failed to carry his burden of proving that defendant BAL is not a citizen of the State of Connecticut. Because it is a limited liability company, BAL is considered to have "the citizenship of its members." *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732 (6th Cir. 2002). BAL indicates it is an LLC with one member, a Rhode Island limited partnership named Fleet Leasing Partners 1 ("Fleet"). BAL is therefore deemed to be a citizen of each state of which Fleet's limited partners are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). BAL further indicates that one of Fleet's limited partners is a Connecticut corporation, AdFleet, Inc. ("AdFleet"). As AdFleet is a citizen of the State of Connecticut, so too is BAL.

In response, plaintiff does not dispute the legal proposition that BAL, as a limited liability company, is deemed to be a citizen of every state of which its members are citizens. Nor does plaintiff dispute BAL's assertions that its sole member is Fleet, that one of Fleet's limited partners is AdFleet, and that AdFleet is a Connecticut corporation. Rather, plaintiff argues that AdFleet is a "fantasy entity" because when he visited AdFleet's business address in Glastonbury,

6

Connecticut, "all to be found is an office building with law firms," and that the local telephone directory "reveals no telephone number for 'AdFleet.'" Pl.'s Mem. of Law at 3-4.  Plaintiff also questions whether AdFleet has complied with certain of Connecticut's statutes applicable to corporations.

As noted above, it is plaintiff's burden at this stage of the litigation to show, by a preponderance of the evidence and with competent proof, the citizenship of the parties.  It does not suffice for plaintiff to assert, without any evidentiary support, that AdFleet is a "fantasy entity."  In addition to the corporate information submitted by BAL (*see* BAL's and Bank of America's Mot. to Dismiss, Ex. 6), information available publicly on Westlaw shows that AdFleet is a Connecticut corporation with an address in Glastonbury, Connecticut, which has filed reports at least annually since 1987 with the Connecticut Secretary of State.  Plaintiff cannot meet his burden of proof by simply questioning defendants' evidence.  He must submit evidence of his own or, as here, lose the argument by default.

Plaintiff has failed to prove that the court has subject matter jurisdiction based on diversity of citizenship of the parties.  It is evident that both plaintiff and defendant BAL are citizens of the State of Connecticut, and plaintiff has submitted no evidence suggesting otherwise.  The court shall therefore dismiss the complaint for lack of subject matter jurisdiction, and reject the R&R insofar as it reaches a contrary conclusion.  Accordingly,

IT IS ORDERED that Magistrate Judge Scheer's Report and Recommendation is accepted in part and rejected in part as indicated above.

IT IS FURTHER ORDERED that the motion of defendants BAL and Bank of America to dismiss the complaint for lack of subject matter jurisdiction [docket entry 10] is granted.

IT IS FURTHER ORDERED that all other pending motions are denied as moot.

                                                S/Bernard A. Friedman_____
Dated: September 30, 2009        BERNARD A. FRIEDMAN
       Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager